UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA M LAMBRIX, et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>TESLA, INC.,<br><br>   Defendant. | Case No. 23-cv-01145-TLT<br><br>**ORDER TO SHOW CAUSE REGARDING CONSOLIDATION OF ACTIONS** |
| ROBERT ORENDAIN,<br><br>   Plaintiff,<br><br> v.<br><br>TESLA, INC.,<br><br>   Defendant. | Case No. 23-cv-01157-TLT |
| SEAN BOSE,<br><br>   Plaintiff,<br><br> v.<br><br>TESLA, INC.,,<br><br>   Defendant. | Case No. 23-cv-01496-TLT |
| PATRICK DOYLE,<br><br>   Plaintiff,<br><br> v.<br><br>TESLA, INC.,<br><br>   Defendant. | Case No. 23-cv-01543-TLT |

|  |  |
|---|---|
| PHILOMENA FOCHWANG NANA-ANYANGWE,<br>　　　　Plaintiff,<br>　　v.<br>TESLA, INC.,<br>　　　　Defendant. | Case No.  23-cv-02035-TLT |
| ANDREW RAGONE,<br>　　　　Plaintiff,<br>　　v.<br>TESLA, INC.,<br>　　　　Defendant. | Case No.  23-cv-02352-TLT |

The Court has issued orders relating the six above-captioned cases.  *See* ECF Nos. 21, 35, 41, and 45.  On June 8, 2023, the parties filed a joint case management conference statement in which Plaintiffs indicate they intend to file a motion to consolidate the cases and Defendant states it "does not oppose consolidate[ion] of the remaining related matters."  *See* ECF No. 51.  As such, it appears no party objects to consolidating the above cases.

A court has inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("District courts have the inherent power to control their dockets…."). Federal Rule of Civil Procedure 42(a) provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42(a).

District courts have "broad discretion under [Rule 42(a)] to consolidate cases pending in the same district."  *Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).  In deciding whether to consolidate, a court should balance the interest of judicial convenience against "any inconvenience, delay, or expense that it would cause."  *Huene v. United*

2

*States*, 743 F.2d 703, 704 (9th Cir. 1984).  A district court also has broad discretion to determine to what extent consolidation is appropriate, *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855-56 (9th Cir. 2016), and "the law is clear that an act of consolidation does not affect any of the substantive rights of the parties." *J.G. Link & Co. v. Continental Cas. Co.*, 470 F.2d 1133, 1138 (9th Cir. 1972).

Here, Plaintiffs in all six cases bring claims against Defendant under the Sherman Act, 15 U.S.C. § 2 for alleged (1) Monopolization of the Tesla Repair Services Market, (2) Attempted Monopolization of the Tesla Repair Services Market, and (3) Attempted Monopolization of the Tesla-Compatible Parts Market.  Plaintiffs in the *Orendain*, *Doyle*, *Nana-Anyangwe*, and *Ragone* bring an additional claim under the Sherman Act, 15 U.S.C. § 2 for alleged Attempted Monopolization of the Tesla-Compatible Parts Market.  Finally, Plaintiffs in every case except *Doyle* also bring claims under the Sherman Act, 15 U.S.C. § 1 for alleged Unlawful Tying and the Magnuson-Moss Warranty Act, 15 U.S.C. § 2302 for alleged Prohibited Warranty Tying.  As such, it appears that there are common questions of law or fact with respect to the above cases.

Given the similarity between these related cases, the parties are **ORDERED** to show cause why the above six actions should not be consolidated.  The parties shall file either a joint stipulation regarding consolidation or response to this order to show cause, not to exceed five pages, by **June 23, 2023**.  In any such joint stipulation or response, the parties shall include a joint proposed schedule through trial.  In filing their joint case management statement, the parties failed to meet and confer and provide the Court with any suggested dates.

**IT IS SO ORDERED.**

Dated: June 9, 2023

TRINA L. THOMPSON
United States District Judge