SAVERI & SAVERI, INC.
R. Alexander Saveri (SBN 173102)
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
rick@saveri.com

FREED KANNER LONDON & MILLEN LLC
Matthew W. Ruan (SBN 264409)
Douglas A. Millen (appearing pro hac vice)
Michael E. Moskovitz (appearing pro hac vice)
100 Tri-State International, Suite 128
Lincolnshire, IL 60069
Telephone: (224) 632-4500
mruan@fklmlaw.com
dmillen@fklmlaw.com
mmoskovitz@fklmlaw.com

*Attorneys for Plaintiffs and the Proposed Class*

WILMER CUTLER PICKERING HALE
AND DORR LLP
Ari Holtzblatt (SBN 354631)
2100 Pennsylvania Ave. NW
Washington, DC 20037
Tel: (202) 663-6964
ari.holtzblatt@wilmerhale.com

David Gringer (*pro hac vice*)
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel: (212) 230-8864
david.gringer@wilmerhale.com

David Marcus (SBN 158704)
350 S. Grand Ave., Suite 2400
Los Angeles, CA 90071
Tel: (213) 443-5312
david.marcus@wilmerhale.com

*Attorneys for Defendant Tesla, Inc.*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| VIRGINIA M. LAMBRIX, *et al.*,<br><br>                    Plaintiff,<br><br>        v.<br><br>TESLA, INC.,<br><br>                    Defendant. | Case No. 3:23-cv-1145-TLT<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge: Hon. Trina L. Thompson |

## 1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Litigation may be warranted. Accordingly, the parties

hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.5, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.   DEFINITIONS**

2.1   Objecting Party: a Party that challenges the designation of information or items under this Order.

2.2   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that: (1) qualify for protection under Federal Rule of Civil Procedure 26(c); (2) contain any trade secret, or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(1)(G); (3) are prohibited from disclosure by statute; (4) constitute proprietary business, insurance, or financial information that a Party has maintained as confidential; or (5) contain any private personal information. Confidential information includes: (i) information copied or extracted, summarized, or compiled from Confidential Information; and (ii) testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential Information.

2.3   Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4   Consultants: consultants involved in a matter pertinent to the Litigation who (1) have been retained by a Party or its Counsel, (2) is not a past or current employee or contractor of a Party (not including their retention in this Litigation) or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee or contractor of a Party (not including their retention in this Litigation) or of a Party's competitor.

2.5     <u>Designated House Counsel</u> are In-House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.6     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.7     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the Litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee or contractor of a Party (not including their retention in this Litigation) or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee or contractor of a Party (not including their retention in this Litigation) or of a Party's competitor.

2.9     <u>HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items</u>: highly sensitive "Confidential Information or Items" that is the subject of reasonable efforts to maintain its secrecy, such that the Designating Party reasonably and in good faith believes disclosure of which to another Party or Non-Party would create a substantial risk of monetary or non-monetary injury (including, for example, competitive or commercial disadvantage) to the Designating Party or its employees, customers, or clients. This includes but is not limited to computer code and associated comments and revision histories, engineering specifications, or schematics that define or otherwise describe in detail the structure of proprietary software or hardware designs.

2.10    <u>In-House Counsel</u>: any attorneys who are employees of a Party to this action, as well as paralegals, secretaries, and clerical and administrative personnel employed by a Party. In-House Counsel excludes Outside Counsel.

2.11    Litigation: the above-captioned *Lambrix et al. v. Tesla, Inc.*, No. 3:23-cv-1145-TLT (N.D. Cal.) and any later-filed actions and/or actions consolidated with *Lambrix*.[1]

2.12    Mock Jurors: mock jurors involved in a matter pertinent to the Litigation who (1) have been retained by a Party or its Counsel, (2) are not past or current employees of a Party or of a Party's competitor, and (3) at the time of retention, are not anticipated to become employees of a Party or of a Party's competitor.

2.13    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.14    Outside Counsel: attorneys employed by outside law firms representing a Party in this proceeding, as well as attorney support staff.

2.15    Party: any party to this action, including all its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staff).

2.16    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.17    Professional Vendors:  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors involved in a matter pertinent to the Litigation who (1) have been retained by a Party or its Counsel, (2) are not past or current employees of a Party or of a Party's competitor, and (3) at the time of retention, are not anticipated to become employees of a Party or of a Party's competitor.

2.18    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.19    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party in the Litigation.

---

[1] Plaintiffs reserve the right to seek modification of this Stipulated Protective Order to encompass any future arbitrations involving claims substantially similar to those raised in this Litigation. Defendant reserves the right to object to such modification.

**3.**   **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not in violation of this Order, including becoming part of the public record through trial or otherwise and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.**   **DURATION**

Even after final disposition of this Litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.**   **DESIGNATING PROTECTED MATERIAL**

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the

material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations by any Party that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see, e.g.*, the second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to every page of the document. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under

this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protections, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days after receipt of the final deposition transcript or a copy thereof, identify the specific portions of the testimony as to which protection is sought, to specify the level of protections being asserted. Unless all parties agree otherwise on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Highly Confidential Information for a period of 30 days after the transcript is delivered to the party being deposed. Only those portions of the testimony that are appropriately designed for protection within the 30 days shall be covered by the provisions of this Order. After the expirations of that period, the transcript shall be treated only as actually designated;

(c)  A Party shall give the other Parties notice if it reasonably expects a deposition, hearing, or other proceeding to include Protected Material so that all Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at the time Protected Material is discussed. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(d)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or

containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s). To the extent a document is produced in a form in which placing or affixing the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the document is not practicable, the Producing Party may designate the document as confidential by cover letter or slip sheet, or by affixing a label to the production media containing the document.

(e) Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the Designating Party shall provide any other Party with a list of all pages (including line numbers as appropriate) designated as Protected Material, including the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. In the event that the Designating Party complies with this Order, any error by a court reporter will not constitute a waiver of protection.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  A Party may correct an inadvertent failure to designate by supplemental written notice, provided that at the time of designation the material must still qualify under this order and applicable legal principles for the protection designation.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. No Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," even where the failure to so designate was inadvertent and where the

material is subsequently designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1      <u>Timing of Challenges</u>. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2      <u>Meet and Confer</u>. The Objecting Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order and shall identify the Disclosure or Discovery Material at issue by document and/or production number, range, or category or type of documents or information, as applicable, with sufficient specificity that the Designating Party can determine what designations are being challenged, and to the extent practical, shall generally explain why the Challenging Party does not believe the material is entitled to the designation. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Objecting Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. The Objecting Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3      <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil

Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Objecting Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Objecting Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Litigation has been terminated, a Receiving Party must comply with the provisions of Section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(a) Each Party must make reasonable efforts to protect the confidentiality of all documents subject to the Protective Order that are disclosed or produced to that Party, including storing all

documents on secured systems and platforms.

(b) Any Party who learns of a breach impacting the integrity or security of such system or platform must promptly notify the disclosing or producing Party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel;

(b) the Receiving Party, as an individual named plaintiff or class representative in the Litigation who signs the "Acknowledgment and Agreement to Be Bound" (Exhibit A), shall be permitted to view "CONFIDENTIAL" information to the extent it is reasonably necessary to prosecute their claims, but shall not take possession of such information;

(c) the officers, directors, and employees (including In-House Counsel and former employees) of the Parties to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) Experts of the Receiving Party;

(e) the Court and its personnel;

(f) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses who are employees or corporate designees of the Producing Party. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with their review of the transcripts(s);

(h) the author(s), custodian(s), or recipient(s) of a document containing the information or

a custodian or other person who otherwise possessed or knew the information.

(i)  any mediators, secretaries, paraprofessional assistants, and other employees of such mediators who are actively engaged in assisting the mediators in connection with this matter.

(j)  other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld.

To the extent any person is required to complete the certification contained in Attachment A to this Order, facsimile signatures or signatures transferred in electronic format (*e.g.*, PDF) shall be treated as original signatures for purposes of this Order.

7.3. Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  No documents or information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be disclosed to any third party, except by written stipulation of the Parties, by order of the Court, or as otherwise provided herein.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)  the Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Litigation;

(b)  Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this Litigation, (2) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the Court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  the author(s), custodian(s), or recipient(s) of a document containing the information or a custodian or other person who otherwise possessed or knew the information

(g) during their depositions, witnesses who are 30(b)(6) designees of the Producing Party to whom disclosure is reasonably necessary, provided that counsel for the Party intending to disclose the information has a good faith basis for believing such "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is relevant to events, transactions, discussions, communications, or data about which the corporate designee witness is expected to testify or about which the corporate designee witness may have knowledge. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(h) mediators or other alternative dispute resolution neutrals (including their employees, agents, and contractors) to whom disclosure is reasonably necessary to their involvement in the Litigation.

(i) other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not unreasonably be withheld.

To the extent any person is required to complete the certification contained in Attachment A to this Order, facsimile signatures or signatures transferred in electronic format (*e.g.*, PDF) shall be treated as original signatures for purposes of this Order.

7.4.    HIGHLY CONFIDENTIAL – SOURCE CODE. In the event that documents that are "HIGHLY CONFIDENTIAL – SOURCE CODE" are contemplated to be produced, the Parties will negotiate a separate protective order to govern such information. This includes extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

**8.**     **PROSECUTION BAR**

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall not be involved in the prosecution of patents or patent applications relating to the subject matter of the invention and of highly confidential technical information produced, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[2]  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"  information is first received by the affected individual and shall end two (2) years after final termination of this action.

**9.**     **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 10.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)   The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this Litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid subpoena, court order, or discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)   make the information requested available for inspection by the Non-Party. This provision is without waiver of a Party's right to object to any discovery request or subpoena seeking

a Non-Party's confidential information in its possession.

(c)  A Non-Party must object or seek a protective order within 14 days of receiving notice and accompanying information, as described in Section 10(b). If the Non-Party fails to timely object or seek a protective order from this Court, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**11.**   **ABSENT CLASS MEMBERS**

Should the Parties propose a class settlement to the Court, the Parties agree to discuss a protocol for sharing any Protected Material contained in a filing with the Court following the procedures set forth herein with any Absent Class Member (or, if represented, with Absent Class Members' counsel).

**12.**   **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures and to the extent feasible identify the Bates-labeled number of the unauthorized disclosure, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) if feasible, inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) if feasible, request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**13.**   **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties

are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

**14.**   **MISCELLANEOUS**

14.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3   Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4   Copy of Order. When discovery is sought from a Non-Party in this action after entry of this Order, a copy of this Order must accompany the discovery request.

14.5   Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at

17

issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

14.6    <u>Future Parties</u>. The terms of this Order shall be binding upon all current and future parties to this Litigation and their counsel; any party appearing in the Litigation following entry of this Order shall be deemed to have joined the case subject to its provisions.

14.7    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.8    This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

## 15.    **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in Section 4 (DURATION), each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel otherwise authorized to receive Protected Material pursuant to this Order are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED:    July 19, 2024

HON. TRINA L. THOMPSON
United States District Judge

STIPULATED PROTECTIVE ORDER
CASE NO. 3:23-CV-01145-TLT

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of LAMBRIX, *et al.* v. TESLA, INC., Case No. 23-CV-01145-TLT. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Dated: <u>July 15, 2024</u>

<u>/s/ Ari Holtzblatt</u>
Ari Holtzblatt (SBN 354631)
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
2100 Pennsylvania Ave. NW
Washington, DC 20037
Tel: (202) 663-6964
ari.holtzblatt@wilmerhale.com

David Gringer (*pro hac vice*)
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel: (212) 230-8864
david.gringer@wilmerhale.com

David Marcus (SBN 158704)
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
350 S. Grand Ave., Suite 2400
Los Angeles, CA 90071
Tel: (213) 443-5312
david.marcus@wilmerhale.com

Allison Bingxue Que (SBN 324044)
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Tel: (650) 858-6000
allison.que@wilmerhale.com

Christopher C. Wheeler (SBN 224872)
**FARELLA BRAUN + MARTEL LLP**
One Bush Street, Suite 900
San Francisco, California 94104
Telephone:  (415) 954-4979
cwheeler@fbm.com

*Attorneys for Defendant Tesla, Inc.*

Dated: <u>July 15, 2024</u>

/s/ Matthew W. Ruan
Matthew W. Ruan (SBN 264409)
**FREED KANNER LONDON**
**& MILLEN LLC**
100 Tri-State International, Suite 128
Lincolnshire, IL 60069
Telephone: (224) 632-4500
mruan@fklmlaw.com

Douglas A. Millen (*pro hac vice*)
Michael E. Moskovitz (*pro hac vice*)
**FREED KANNER LONDON**
**& MILLEN LLC**
100 Tri-State International, Suite 128
Lincolnshire, IL 60069
Telephone: (224) 632-4500
mruan@fklmlaw.com
dmillen@fklmlaw.com
mmoskovitz@fklmlaw.com

Kimberly A. Justice
**FREED KANNER LONDON**
**& MILLEN LLC**
923 Fayette Street
Conshohocken, Pennsylvania 19428
Telephone: (610) 234-6486
kjustice@fklmlaw.com

*Interim Lead Counsel for the Proposed Class*

R. Alexander Saveri (SBN 173102)
**SAVERI & SAVERI, INC.**
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
rick@saveri.com

*Interim Liaison Counsel for the Proposed Class*

STIPULATED PROTECTIVE ORDER
CASE NO. 3:23-CV-01145-TLT

Stuart G. Gross (SBN 251019)
**GROSS KLEIN PC**
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
Telephone: (415) 671-4628, ext.10
sgross@grossklein.com

Richard D. McCune
David C. Wright
**McCUNE LAW GROUP, McCUNE
WRIGHT AREVALO VERCOSKI
KUSEL WECK BRANDT, APC**
3281 East Guasti Road, Suite 100
Ontario, California 91761
Tel: (909) 557-1250
rdm@mccunewright.com
dcw@mccunewright.com

Derek Y. Brandt
Leigh M. Perica
Connor P. Lemire
**McCUNE LAW GROUP, McCUNE
WRIGHT AREVALO VERCOSKI
KUSEL WECK BRANDT, APC**
231 North Main Street, Suite 20
Edwardsville, IL 62025
Tel: (618) 307-6116
dyb@mccunewright.com
lmp@mccunewright.com
cpl@mccunewright.com

Jill M. Manning (State Bar No. 178849)
**PEARSON WARSHAW, LLP**
555 Montgomery Street, Suite 1205
San Francisco, California 94111
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
jmanning@pwfirm.com

Daniel L. Warshaw (State Bar No. 185365)
Michael H. Pearson (State Bar No. 277857)
**PEARSON WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400

23

1  Sherman Oaks, California 91403
   Telephone: (818) 788-8300
2  Facsimile: (818) 788-8104
   dwarshaw@pwfirm.com
3  mpearson@pwfirm.com

4  Jon A. Tostrud (State Bar No. 199502)
5  **TOSTRUD LAW GROUP, P.C.**
   1925 Century Park East, Suite 2100
6  Los Angeles, California 90067
   Telephone: (310) 278-2640
7  Facsimile: (310) 278-2640
   jtostrud@tostrudlaw.com
8

9  Brian P. Murray
   Lee Albert
10 **GLANCY PRONGAY & MURRAY, LLP**
   230 Park Avenue, Suite 358
11 New York, NY 10169
   Telephone: (212) 682-5340
12 Facsimile: (212) 884-0988
   bmurray@glancylaw.com
13 lalbert@glancylaw.com

14
   Blaine Finley
15 **CUNEO GILBERT & LADUCA, LLP**
   4725 Wisconsin Ave., N.W., Suite 200
16 Washington, D.C. 20016
   Telephone: (202) 789-3960
17 Facsimile: (202) 589-1813
   bfinley@cuneolaw.com
18

19 Matthew S. Weiler (SBN 236052)
   **SCHNEIDER WALLACE COTTRELL**
20 **KONECKY, LLP**
   2000 Powell Street, Suite 1400
21 Emeryville, CA 94608
   Telephone: (415) 421-7100
22 MWeiler@schneiderwallace.com
23
   Michelle C. Clerkin
24 **SPIRO HARRISON & NELSON**
   228 Park Avenue South
25 New York, NY 10003
   Telephone: (917) 634-2244
26 mclerkin@shnlegal.com
27

28
                    24

1

2
Peggy Wedgeworth
**MILBERG COLEMAN BRYSON**
3
**PHILLIPS GROSSMAN**
100 Garden City Plaza
4
Garden City, NY 11530
Telephone: (646) 515-1269
5
pwedgeworth@milberg.com

6

Arthur Stock
7
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN**
8
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
9
Telephone: (865) 247-0080
astock@milberg.com
10

11
Brian D. Clark
Kyle Pozan
12
Eura Chang
Stephen J. Teti
13
**LOCKRIDGE GRINDAL NAUEN**
**P.L.L.P.**
14
100 Washington Ave S, Suite 2200
15
Minneapolis, MN 55401
Telephone: (612) 339-6900
16
Fax: (612) 339-0981
bdclark@locklaw.com
17
kjpozan@locklaw.com
echang@locklaw.com
18
sjteti@locklaw.com

19

William G. Caldes
20
Jeffrey J. Corrigan
Icee N. Etheridge
21
**SPECTOR ROSEMAN & KODROFF,**
**P.C.**
22
2001 Market Street, Suite 3420
23
Philadelphia, PA 19103
Telephone: (215) 496-0300
24
Fax: (215) 496-6611
BCaldes@srkattorneys.com
25
JCorrigan@srkattorneys.com
IEtheridge@srkattorneys.com
26

27
Garrett D. Blanchfield
28
25

Brant D. Penney
**REINHARDT WENORD & BLANCHFIELD**
First National Bank Building, Suite W1050
332 Minnesota Street
St. Paul, MN 55101
Telephone: (651) 287-2100
g.blanchfield@rwblawfirms.com
b.penney@rwblawfirm.com

*Attorneys for Plaintiffs and the Proposed Class*

STIPULATED PROTECTIVE ORDER
CASE NO. 3:23-CV-01145-TLT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **E-FILING ATTESTATION**

I, Matthew W. Ruan, am the ECF User whose ID and password are being used to file this document.  In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Matthew W. Ruan*