| | |
|---|---|
| SAVERI & SAVERI, INC.<br>R. Alexander Saveri (SBN 173102)<br>706 Sansome Street<br>San Francisco, CA 94111<br>Telephone: (415) 217-6810<br>rick@saveri.com<br><br>FREED KANNER LONDON & MILLEN LLC<br>Matthew W. Ruan (SBN 264409)<br>Douglas A. Millen (*pro hac vice*)<br>Michael E. Moskovitz (*pro hac vice*)<br>100 Tri-State International, Suite 128<br>Lincolnshire, IL 60069<br>Telephone: (224) 632-4500<br>mruan@fklmlaw.com<br>dmillen@fklmlaw.com<br>mmoskovitz@fklmlaw.com<br><br>*Attorneys for Plaintiffs and the Proposed Class* | WILMER CUTLER PICKERING HALE AND DORR LLP<br>Ari Holtzblatt (SBN 354631)<br>2100 Pennsylvania Ave. NW<br>Washington, DC 20037<br>Tel: (202) 663-6964<br>ari.holtzblatt@wilmerhale.com<br><br>David Gringer (*pro hac vice*)<br>7 World Trade Center<br>250 Greenwich Street<br>New York, New York 10007<br>Tel: (212) 230-8864<br>david.gringer@wilmerhale.com<br><br>David Marcus (SBN 158704)<br>350 S. Grand Ave., Suite 2400<br>Los Angeles, CA 90071<br>Tel: (213) 443-5312<br>david.marcus@wilmerhale.com<br><br>*Attorneys for Defendant Tesla, Inc.*<br><br>[Additional counsel listed on signature page.] |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| VIRGINIA M. LAMBRIX, *et al.*, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>TESLA, INC.,<br><br>        Defendant. | Case No. 3:23-cv-1145-TLT (Lead Case)<br>Case No. 3:23-cv-1496-TLT<br>Case No. 3:23-cv-1543-TLT<br>Case No. 3:23-cv-2035-TLT<br>Case No. 3:23-cv-2352-TLT<br><br>**JOINT ~~PROPOSED~~ DISCOVERY PLAN**<br><br>Judge:    Honorable Trina L. Thompson |

1

Plaintiffs Virginia M. Lambrix, Anthony Adjuder, Sean Bose, Patrick Doyle, Philomena Nana-Anyangwe, and Jason Pratti (collectively, "Plaintiffs") and Defendant Tesla, Inc., ("Tesla", together with Plaintiffs, the "Parties") jointly submit this JOINT PROPOSED DISCOVERY PLAN pursuant to Federal Rule of Civil Procedure 26(f)(3).

**A. Disclosures**

The Parties exchanged initial disclosures on July 10, 2023.

**B. Discovery**

1. The Subjects On Which Discovery May Be Needed

**PLAINTIFFS STATE:** Plaintiffs anticipate discovery into at least the following: (1) Defendant's organizational structure and department responsibilities as they relate to the issues raised in this action; (2) Defendant's analysis of the EV market, the market for maintenance and repair of Tesla EVs, and the market for Tesla-compatible parts, including Defendant's estimated market shares in those markets; (3) Defendant's prices, including analysis related thereto, for the EVs, maintenance and repair services, and repair and replacement parts it sells; (4) Defendant's policies and procedures relating to the repair and maintenance of Tesla EVs; (5); the parts used in manufacturing, maintaining, and repairing Tesla EVs, including the entities from which those parts are sourced and Defendant's agreements with such entities; (6) the design of Defendant's various EVs and, in particular, how those designs would affect future repairs and maintenance; (7) diagnostic and repair tools used by Tesla and its authorized collision centers for the maintenance and repair of Tesla EVs and the availability thereof; (8) diagnostic and repair on Tesla EVs that only Defendant and its authorized collision centers can perform; (9) Defendant's informational resources related to Tesla EV maintenance and repair; (10) Defendant's warranty and related policies, including efforts to discourage Tesla EV owners from obtaining parts or services anywhere other than Tesla; (11) Tesla's relationship and communications with entities in its authorized maintenance and repair network; (12) customer complaints and Defendant's responses; (13) Defendant's antitrust compliance policies; (14) Defendant's support or opposition to proposed right-to-repair legislation; (15) transactional data regarding the production and sale of Defendant's EVs, maintenance and repair of Defendants' EVs, and the purchase and sale of parts for manufacture, repair, and replacement; (16) Defendant's conduct

concerning allegedly illegal tying of the sale of Tesla EVs to repair services/compatible parts, and vice versa; (17) Defendant's alleged monopoly leveraging conduct in the EV market to gain or maintain market power in the Tesla repair services and/or Tesla-compatible parts markets; (18) basic discovery into Rule 23 factors for class certification; and (19) any other issues raised in or implicated by Defendant's answer to Plaintiffs' Second Consolidated Amended Complaint and its anticipated opposition to class certification.

Plaintiffs further anticipate discovery from non-parties, including but not limited to Tesla's authorized collisions centers, independent motor vehicle/EV repair service providers, aftermarket motor vehicle/EV parts manufacturers, other EV manufacturers, and Tesla's parts suppliers.

**TESLA STATES:**

Tesla anticipates taking discovery from Plaintiffs regarding the following: (1) Plaintiffs' Tesla and other vehicle purchases; (2) Plaintiffs' repairs and maintenance of these vehicles; (3) Plaintiffs' purchase of parts for these vehicles; (4) Plaintiffs' insurance coverage and claims; (5) Plaintiffs' expectations and impressions regarding their Tesla purchases, repairs, maintenance, and parts; (6) Plaintiffs' investigation into their claims, communications about this lawsuit, and the timing of their claims; (7) Plaintiffs' backgrounds and reasons for joining the case; (8) documents that Plaintiffs plan to rely on in this litigation; (9) Plaintiffs' attempts to resell Tesla vehicles; and (10) damages Plaintiffs claim to have suffered.

Tesla further anticipates discovery from non-party vehicle and part manufacturers, vehicle dealers, and repair service providers regarding at least: (1) policies and practices regarding vehicle maintenance and repair, vehicle warranties, and the sale of replacement parts; (2) any inhibition or benefit to third parties as a result of Tesla policies and/or practices; (3) competition with Tesla; and (4) any analysis of the automobile market.

2. When Discovery Should Be Completed

**PLAINTIFFS STATE:** The Court has already ordered that substantial completion of production of documents responsive to Plaintiffs' first set of requests of production must take place on or before October 1, 2024. Plaintiffs propose that the parties meet and confer regarding an appropriate substantial

completion date for any additional requests for production that are served, and to seek Court guidance only if necessary. Plaintiffs have not yet received Tesla's first set of discovery requests and, thus, cannot provide an accurate estimate of when substantial completion of production of documents responsive to those requests can be completed.

**TESLA STATES:** The Court has already entered a substantial completion deadline for Tesla's responses to Plaintiffs' First Set of Requests for Production. As discussed at the Case Management Conference on June 27, 2024, the Parties will work to narrow the Plaintiffs' 61 Requests for Production and Defendant's production by October 1, 2024 will prioritize policies and procedures squarely relevant to this matter and documents requested related to class certification arguments. As also discussed at the June Case Management Conference, the Parties will revisit the substantial completion deadline at the September 26, 2024 conference to the extent further time is needed. Given the breadth and scope of the Requests Plaintiffs have already served, Tesla would be surprised if there were any other documents that Plaintiffs could possibly seek but will fairly evaluate any further Requests that Plaintiffs may serve once they are served.

Under the Court's Revised Case Management Order, Plaintiffs' deadline to substantially complete their production in response to Tesla's forthcoming first set of discovery requests is the same date as Tesla's deadline to substantially complete its responses to the first set of requests. Tesla's Requests will be far less in both volume and scope than that served by Plaintiffs, so Plaintiffs should have no problem substantially completing production by the same date Tesla must.

C. **Electronically Stored Information:** The Parties have been meeting and conferring regarding a proposed joint ESI protocol, but certain issues remain unresolved. The Parties agree to continue meeting and conferring on these issues and will jointly submit a proposed ESI protocol or a joint letter brief outlining any remaining disputes by July 23, 2024.

D. **Protective Order:** The Parties jointly submit a proposed Protective Order.

E. **Limitations or Modifications of Discovery Rules:**
   a. For non-party depositions noticed by only one party, absent leave of Court, the Parties agree that the noticing party shall receive up to six hours of on-the-record

questioning time, and the other party shall receive up to two hours questioning time. However, any unused portion of allotted questioning time may be used by the other party.

b. For non-party depositions that are cross-noticed by Plaintiffs and Defendant, absent leave of Court, Plaintiffs and Defendant will each be allotted four hours of on-the-record questioning time. However, any unused portion of allotted questioning time may be used by the other party.  These non-party depositions will take place in a single day.

c. The Parties agree to accommodate all reasonable requests to proceed via remote deposition. In the event that a deposition proceeds remotely, all exhibits will be transmitted, uploaded or displayed electronically as they are introduced in the course of the deposition. If a witness requests hard copies of documents introduced as exhibits, deposing counsel will use best efforts to provide sealed envelopes containing each exhibit that can be opened by the witness on camera, to the extent practicable. However, deposing counsel reserves the right to introduce a reasonable number of exhibits for which paper copies were not sent in advance.

d. The Parties will meet and confer in good faith to determine if a process for a stipulation can be agreed to concerning various evidentiary issues addressed in the Federal Rules of Evidence ("FRE"), including authenticity (FRE 902 & 903), duplicates (FRE 1001(4) & 1003), the requirement for a sponsoring witness to establish authenticity and/or best evidence, the admissibility of documents without a sponsoring witness, and status of a document as a business record (FRE 803(6)). For any documents for which the parties cannot agree upon a stipulation, a party may serve necessary requests for admission to address any potential evidentiary objections.

e.   The Parties agree that Plaintiffs (collectively) and Defendant may each serve 75 requests for admission, which must be served at least 45 days prior to the close of fact discovery.

**PLAINTIFFS STATE:**

f.   Due to the scope and complexity of this matter, Plaintiffs anticipate that they will be required to take more than the presumptive limit of 10 depositions under Rule 30(a). For frame of reference, the court in the *In re: Deere & Company Repair Services Antitrust Litigation*, Case No. 3:22-cv-50188 (N.D. Ill.) (ECF No. 109) ordered that plaintiffs in that matter could take 20 Rule 30(b)(1) depositions and 28 hours of Rule 30(b)(6) testimony. However, Plaintiffs believe it is premature at this juncture to request a specific number of fact depositions or a specific number of hours of Rule 30(b)(6) testimony. After Tesla has produced organizational charts and the parties have agreed upon the appropriate document custodians, the parties will be in a better position to discuss expanding the number of depositions needed in this matter and will meet and confer in good faith to determine an appropriate limit on the number of fact depositions. If the parties cannot agree on a specific number of fact depositions or hours of 30(b)(6) testimony, they can seek guidance from the Court at that time.

**TESLA STATES**:

g.   Except otherwise agreed upon above, Tesla proposes abiding by the presumptive discovery limits in the Federal Rules of Civil Procedure, but Tesla proposes limiting party 30(b)(6) deposition testimony to 14 hours.  If Plaintiffs believe that additional depositions are necessary, the Federal Rules allow them to petition the Court for good cause shown.

F.   **Other Orders:** None.

| | |
|---|---|
| Dated: July 15, 2024 | /s/ Matthew W. Ruan |

Matthew W. Ruan (SBN 264409)
**FREED KANNER LONDON & MILLEN LLC**
100 Tri-State International, Suite 128
Lincolnshire, IL 60069
Telephone: (224) 632-4500
mruan@fklmlaw.com

Douglas A. Millen (*pro hac vice*)
Michael E. Moskovitz (*pro hac vice*)
**FREED KANNER LONDON**
**& MILLEN LLC**
100 Tri-State International, Suite 128
Lincolnshire, IL 60069
Telephone: (224) 632-4500
mruan@fklmlaw.com
dmillen@fklmlaw.com
mmoskovitz@fklmlaw.com

*Interim Lead Counsel for the Proposed Class*

R. Alexander Saveri (SBN 173102)
**SAVERI & SAVERI, INC.**
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
rick@saveri.com

*Interim Liaison Counsel for the Proposed Class*

*Counsel for Plaintiffs and Interim Lead Class Counsel for the Proposed Class*

| | | |
|---|---|---|
| 1 | Dated: July 15, 2024 | */s/ Ari Holtzblatt* |
| 2 | | Ari Holtzblatt (SBN 354631) |
| | | **WILMER CUTLER PICKERING** |
| 3 | | **HALE AND DORR LLP** |
| | | 2100 Pennsylvania Ave. NW |
| 4 | | Washington, DC 20037 |
| | | Tel: (202) 663-6964 |
| 5 | | ari.holtzblatt@wilmerhale.com |

David Gringer (*pro hac vice*)
**WILMER CUTLER PICKERING**
**HALE AND DORR LLP**
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel: (212) 230-8864
david.gringer@wilmerhale.com

David Marcus (SBN 158704)
**WILMER CUTLER PICKERING**
**HALE AND DORR LLP**
350 S. Grand Ave., Suite 2400
Los Angeles, CA 90071
Tel: (213) 443-5312
david.marcus@wilmerhale.com

Allison Bingxue Que (SBN 324044)
**WILMER CUTLER PICKERING**
**HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Tel: (650) 858-6000
allison.que@wilmerhale.com

Christopher C. Wheeler (SBN 224872)
**FARELLA BRAUN + MARTEL LLP**
One Bush Street, Suite 900
San Francisco, California 94104
Telephone:  (415) 954-4979
Facsimile:  (415) 954 4480

*Attorneys for Defendant Tesla, Inc.*

## DISCOVERY ORDER

The above JOINT ~~PROPOSED~~ DISCOVERY PLAN is approved and all parties shall comply with its provisions. ~~[In addition, the Court makes the further orders stated below:]~~

**IT IS SO ORDERED**.

Dated: __July 19__, 2024

_____
Hon. Trina L. Thompson
UNITED STATES DISTRICT JUDGE

**E-FILING ATTESTATION**

I, Matthew W. Ruan, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

/s/ Matthew W. Ruan