UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA M LAMBRIX, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>TESLA, INC.,<br><br>    Defendant. | Case No. 23-cv-01145-TLT<br><br>**ORDER RE MOTION FOR RECONSIDERATION**<br><br>Re: ECF No. 175 |

Before the Court is Plaintiffs' Motion Requesting Leave to Move for Reconsideration of Arbitration Order. ECF 175. Having carefully considered the motion, and for the reasons below, Plaintiffs' Motion for Reconsideration is **DENIED**.

**I.   BACKGROUND**

On July 31, 2023, Defendant Tesla brought a motion to compel arbitration and stay the proceedings of Plaintiffs Danielle Thys, Cary Phillips, and Levi Stoffal, three of ten named plaintiffs in this class action. ECF 75. All three plaintiffs either purchased or leased a vehicle from Tesla. Following the purchase or lease of their vehicles, they then purchased Tesla Repair Services and Tesla-Compatible Parts from Tesla or one of its authorized collision centers. ECF 80, at 5.

When purchasing her vehicle, Plaintiff Thys signed a sales contract that contained an arbitration agreement and furthermore stated "[either you or we may choose to have any dispute between us decided by arbitration and not in court or by jury trial.]" ECF 75, Ex. A; *see also* ECF 75, Ahluwalia Decl. ¶ 14 (arbitration agreement). Similarly, when Plaintiff Phillips bought her Tesla, she agreed to the "Model Y Order Agreement, Terms of Use, and Privacy Notice," which included an "Agreement to Arbitrate" provision. ECF 75, Ex. B. Phillips' arbitration provision

1  stated "[y]ou may opt out of arbitration within 30 days after signing this Agreement by sending a
2  letter to [Tesla]" and "[i]f you do not opt out, this agreement to arbitrate overrides any different
3  arbitration agreement between us, including any arbitration agreement in a lease or finance
4  contract."  *Id.*  Finally, Plaintiff Stoffal signed an agreement with the same language as Phillips.
5  ECF 75, Ex. C.  Neither Phillips nor Stoffal filed an opt-out request letter.  *Id.* at 3–4.

The Court on September 27, 2023, granted Tesla's motion to compel arbitration because it found that 1) Plaintiffs agreed to arbitrate disputes when purchasing and leasing vehicles from Defendant, 2) Plaintiffs agreed to delegate their disputes to an arbitrator, and 3) Plaintiffs' arbitration agreements encompass their antitrust claims.  ECF 112, at 18.  Plaintiffs filed a Motion for Certification of Interlocutory Appeal, which the Court granted.  ECF 114; ECF 123.

## II.    LEGAL STANDARD

The Federal Rules of Civil Procedure give federal courts discretion to revise or reconsider interlocutory orders.  *See* Fed. R. Civ. Proc. 54(b).  In the Northern District of California, the reconsideration of interlocutory orders is governed by Civil Local Rule 7-9.  The rule states that a court may grant leave to file a motion for reconsideration where the moving party can show that they exercised "reasonable diligence in bringing the motion" and one of the following: "(1) a material difference in fact or law exists from which was presented to the court, which, in the exercise of reasonable diligence, the moving party did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments."  Civil L.R. 7-9(b).

## III.   DISCUSSION

### A.    Recent Decisions Do Not Impact the Court's Prior Analysis

Plaintiffs proffer three recent decisions which they contend show a material difference in law or a change in law.  First, Plaintiffs proffer a Northern District of California case, *Attia v. Oura Ring, Inc.*, in which the court denied the defendants' motion to compel arbitration because the plaintiff's two agreements were "separate and not interrelated."  No. 23-cv-03433-HSG, 2024 WL 1382464, at *1, *3 (N.D. Cal. Apr. 1, 2024).  It also found that the parties' two agreements to

invest and to advise never formed an agreement to arbitrate the claims at issue. *Id*. at *3. Although submitted as persuasive authority for the Court, the case contains a different set of circumstances. Unlike *Attia*, where the court found that the parties never formed an agreement to arbitrate; here, there were arbitration agreements. *Id.* Specifically, Thys signed, under bolded text, every page, including the page with the arbitration provision, affirming she had read the entire agreement . ECF 75, Ex. A; *see Marin Storage & Trucking, Inc. v. Benco Contracting & Eng'g, Inc.*, 89 Cal. App. 4th 1042, 1049 (Ct. App. 2001) (explaining that "one who signs an instrument which on its face is a contract is deemed to assent to all its terms"). Both Stoffal and Phillips were given the opportunity to opt out of the arbitration provision but did not. ECF 112, at 9-10; *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1210 (9th Cir. 2016) (holding that if there is an opportunity to opt out of the arbitration agreement it is not adhesive or procedurally unconscionable). While the court in *Attia* found that the separate transactions were not interrelated, here, the Plaintiffs' separate transactions were interrelated because the purchase and lease agreements controlled the agreements for services and parts. ECF 112, at 16; *see Johnson v. Walmart Inc.*, 57 F.4th 677, 679 (9th Cir. 2023) (when two contracts are interrelated in an ongoing series of transactions, an arbitration provision in one contract could apply to subsequent contracts).

Plaintiffs next cite to *Fli-Lo Falcon, LLC v. Amazon.com, Inc*., in which the Ninth Circuit affirmed Amazon's motion to compel arbitration because both parties were sophisticated. 97 F.4th 1190, 1201 (9th Cir. 2024). The Ninth Circuit, however, declined to affirmatively create a criterion establishing that the sophistication of a party is relevant to an unconscionability inquiry. *Id.* at 1200. *Id.* Because the Ninth Circuit does not explicitly state that sophistication is relevant to an unconscionability analysis, it has little impact on this Court's decision.

Finally, Plaintiffs cite a recent state court decision in which the California Court of Appeal held that the defendant's incorporation of arbitration rules into the plaintiff's employment contract did not constitute clear and unmistakable evidence of an agreement to "delegate arbitrability disputes to an arbitrator." *Keeton v. Tesla, Inc.*, 103 Cal. App. 5th 26, 33 (Ct. App. 2024). This case is also factually distinguishable. Unlike the plaintiff in *Keeton* where the plaintiff did not knowingly agree to arbitration, all three Plaintiffs here affirmatively acknowledged and assented

3

to contracts that clearly stated there was an arbitration agreement.

Accordingly, none of the three cases that plaintiffs present here constitute either a material difference in law or a change in law.

### B. The Court's Motion to Dismiss is Not at Odds with the Previous Order

While the Court found in Order Granting Motion to Dismiss that Plaintiffs sufficiently plead that they were unaware of the aftermarket restrictions, this finding has no impact on whether Plaintiffs had an arbitration agreement. ECF 156, at 16-17. The evidence provided indicates that Plaintiffs were aware of the arbitration agreements, even if they were unaware of aftermarket restrictions.

## IV. CONCLUSION

After review and consideration of the motion, Plaintiffs' Motion for Reconsideration Order Requesting Leave to Move for Reconsideration of Arbitration Order is **DENIED.**

This Order terminates ECF 175.

**IT IS SO ORDERED.**

Dated: September 27, 2024

_____
TRINA L. THOMPSON
United States District Judge

4