Matthew W. Ruan (SBN 264409)
**FREED KANNER LONDON & MILLEN LLC**
100 Tri-State International, Suite 128
Lincolnshire, IL 60069
Telephone: (224) 632-4500
mruan@fklmlaw.com

*Counsel for Plaintiffs and Interim Lead Counsel for the Proposed Class*

Ari Holtzblatt (SBN 354361)
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2100 Pennsylvania Ave., NW
Washington, DC 20037
Telephone: (202) 663-6964
Facsimile: (202) 663-6363

*Counsel for Defendant Tesla, Inc.*

[Additional counsel listed on signature page.]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| VIRGINIA M. LAMBRIX, *et al.*, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> TESLA, INC., <br><br> Defendant. | Case No. 3:23-cv-1145-TLT (Lead Case) <br> Case No. 3:23-cv-1496-TLT <br> Case No. 3:23-cv-1543-TLT <br> Case No. 3:23-cv-2035-TLT <br> Case No. 3:23-cv-2352-TLT <br><br> **JOINT MOTION FOR ADMINISTRATIVE RELIEF REGARDING SCHEDULING** <br><br> Judge:   Honorable Trina L. Thompson |

Pursuant to Civil Local Rule 7-11, Plaintiffs Virginia M. Lambrix, Anthony Adjuder, Sean Bose, Patrick Doyle, Philomena Nana-Anyangwe, and Jason Pratti (collectively, "Plaintiffs") and Defendant Tesla, Inc., ("Tesla", together with Plaintiffs, the "Parties") jointly and respectfully request that the Court enter an order modifying the Revised Case Management and Scheduling Order (Dkt. 167) to provide the Parties with additional time to complete discovery related to class certification prior to Plaintiffs' motion

for class certification and the related briefing and expert reports. Good cause exists to modify the schedule because, despite the Parties' diligent efforts, the current deadlines cannot reasonably be met as more time is needed to develop an adequate record that will enable the Parties to present the Court with the information it needs to support an informed class certification decision.

## BACKGROUND

This action was first filed on March 14, 2023 (Dkt. 1). After granting Defendant's first motion to dismiss with leave to amend (Dkt. 122), the Court entered a stipulated order staying discovery pending resolution of Defendant's second motion to dismiss (Dkt. 132). That second motion to dismiss was granted in part and denied in part on June 17, 2024 (Dkt. 156), after which the Court entered a Revised Case Management and Scheduling Order (Dkt. 167) setting various pretrial deadlines.[1]

Since that scheduling order was entered, the Parties have negotiated a Protective Order (Dkt. 178), a Joint Discovery Plan (Dkt. 179), and an ESI Protocol (Dkt. 187). The Parties have also met and conferred regarding Plaintiffs' and Tesla's first sets of requests for production ("RFPs") on at least the following dates: August 2, 2024; August 5, 2024; August 26, 2024; September 11, 2024; October 7, 2024; October 9, 2024; and October 15, 2024. (Ruan Decl. ¶ 2; Holtzblatt Decl. ¶ 3.) The Parties have also exchanged at least 11 letters and numerous emails in connection with these discussions. (Ruan Decl. ¶ 3; Holtzblatt Decl. ¶ 3.) As a result of these efforts, progress has been made and compromises have been reached on a number of discovery-related issues

However, the Parties continue to confer upon and investigate various other discovery-related issues. Most notably, the Parties are discussing Plaintiffs' request, made in Plaintiffs' first set of RFPs, for certain transactional data during and for two years before the proposed class period, which Plaintiffs' experts indicated they need for purposes of drafting their opening class certification expert report. (Ruan Decl. ¶ 5.) This has required, among other things, Tesla to investigate each database it maintains that

---

[1] The order further instructed that "[t]he parties may not modify the pretrial schedule by stipulation," and the schedule may only be modified "by written order of this Court upon its own motion or upon motion by one or more parties made pursuant to Civil Local Rule 7-11 with a showing of good cause." Dkt. 167. at *3. For this reason, the instant motion is being brought as a joint administrative motion under Civ. L. R. 7-11, not as a stipulation under Civ. L. R. 7-12 or as a motion to change time under Civ. L. R. 6-3.

potentially stores information responsive to Plaintiffs' RFPs to Tesla, which has proven to be a time-consuming endeavor given the scope of the requests . (Holtzblatt Decl. ¶ 4.) Plaintiffs have also served Tesla with an interrogatory seeking information regarding these databases. (*Id*. ¶ 8.)  The parties are continuing to negotiate the appropriate scope of these requests.

In addition, given what Tesla indicates is the sensitive and highly confidential nature of the transactional data sought by Plaintiffs, Tesla has requested heightened confidentiality and data security protections above and beyond those provided for in the Protective Order before producing these data; the Parties are actively negotiating those additional protections in good faith. (Ruan Decl. ¶ 6; Holtzblatt Decl. ¶ 5.) These negotiations are time consuming as they require, among other things, Plaintiffs to obtain information about their experts' IT architecture and security policies/procedures, as well as those of certain vendors. (Ruan Decl. ¶ 7.)

In addition, Plaintiffs have not yet substantially completed production of documents responsive to Tesla's first set of RFPs, which is information that Tesla believes it needs to evaluate the adequacy and typicality of the named Plaintiffs to serve as class representatives.

For these reasons, the Parties have concluded that—due to these recent developments and despite their diligent efforts to try and adhere to the Court's current schedule—it has become apparent that the class certification-related deadlines in the Court's Revised Case Management and Scheduling Order (Dkt. 167) cannot reasonably be met. The Parties need additional time to develop an adequate record, so they and their experts can provide the Court with sufficient information to support an informed decision on class certification.

## GOOD CAUSE SUPPORTS THIS REQUEST

In general, a pretrial scheduling order may only be modified upon a showing of good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4); *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Good cause exists where the current schedule cannot reasonably by met despite the diligence of the party seeking the extension. *Id.* (citing *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992)). Thus, "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Mammoth Recreations*, 975 F.2d at 609.

Given their heavy caseloads, district courts are afforded broad discretion in setting and enforcing pretrial schedules—including deadlines related to class certification—so as "to foster the efficient treatment and resolution of cases." *Davidson v. O'Reilly Auto Enterprises, LLC*, 968 F.3d 955, 963 (9th Cir. 2020) (quoting *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1060 (9th Cir. 2005)). Despite this wide latitude, district courts may not "unreasonably appl[y] rules in a way that deprives a party of an opportunity to present class allegations or a motion for class certification ... or den[y] a party a reasonable opportunity to obtain a ruling on the merits of a motion for class certification." *Davidson*, 968 F.3d at 963; *see also Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir.1975) (noting discovery is often required in determining the propriety of a class action and holding, in those instances, denying discovery "would be an abuse of discretion").

The Parties here have been diligent. Since the Court entered its Revised Case Management and Scheduling Order (Dkt. 167), the Parties have met and conferred at least nine times, exchanged numerous letters and emails and, as a result, have managed to reach compromises on numerous discovery-related issues. But despite their best efforts to comply with the current schedule, is has since become apparent that the Parties cannot reasonably comply with the current substantial completion and class certification-related deadlines.

Simply put: there are 64 days between now and Plaintiffs' opening class certification expert report, and the Parties are still negotiating in good faith regarding the production of transactional data that Plaintiffs' experts indicated they need in order to draft that report. As demonstrated by the case schedules referenced in Appendix B, considerably more time is typically allotted between substantially completing production of responsive documents/data and class certification expert reports in antitrust class actions than the Court's current schedule allows.

In *ABS Ent., Inc. v. CBS Corp.*, a district court struck plaintiff's motion for class certification as untimely for failing to satisfy a local rule requiring class certification motions to be filed within a prescribed time period, despite the fact that the parties stipulated to extend that deadline because plaintiff "needed more time for class action-focused discovery," but the court rejected the stipulation. 908 F.3d 405, 426 (9th Cir. 2018). The Ninth Circuit reversed, holding that "[t]he class action determination can

4

only be decided after the district court undertakes a 'rigorous analysis' of the prerequisites for certification" and noting "[t]o undertake that analysis may require discovery," the denial of which would be an abuse of discretion. *Id*. at 427 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011)); *see also* Federal Judicial Center, *Manual for Complex Litigation, Fourth* § 21.133 (discussing "Rule 23(c)(1)(A)'s emphasis on the parties' obligation to present the court with sufficient information to support an informed decision on certification" and noting "[p]arties need sufficient time to develop an adequate record").

The Parties here are in a similar bind. Absent the relief sought, Plaintiffs believe that they will be unable to obtain the discovery necessary to adequately inform the Court why class certification should be granted in this case. Defendant also believe it is missing critical information that it may use to argue against class certification. Thus, the Parties believe that under the current schedule they will be deprived a reasonable opportunity to present their positions regarding class certification and obtain a ruling on the merits. *Davidson*, 968 F.3d at 963; *see also Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975) (noting discovery is often required in determining the propriety of a class action and holding, in those instances, denying discovery "would be an abuse of discretion").

## CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court amend the pretrial deadlines reflected in Revised Case Management and Scheduling Order (Dkt. 167) as reflected in Appendix A.

Dated: October 21, 2024             /s/ Matthew W. Ruan

Matthew W. Ruan
**FREED KANNER LONDON & MILLEN LLC**

*Counsel for Plaintiffs and Interim Lead Class Counsel for the Proposed Class*

R. Alexander Saveri
**SAVERI & SAVERI, INC.**

*Counsel for Plaintiffs and Interim Liaison Counsel for the Proposed Class*

Dated: October 21, 2024

/s/ Ari Holtzblatt
Ari Holtzblatt
David Gringer
David C. Marcus
Andres C. Salinas
Allison Bingxue Que
**WILMER CUTLER PICKERING HALE AND DORR LLP**

Christopher C. Wheeler
**FARELLA BRAUN + MARTEL LLP**

*Counsel for Defendant Tesla, Inc.*

**Appendix A: Parties' Jointly Proposed Schedule**

| Event | Prior Deadline | New Deadline |
|---|---|---|
| Verified Response to Plaintiffs' Interrogatory No. 1 to Tesla (seeking information re: Tesla's databases) | N/A | October 28, 2024 |
| Substantial Completion of Production of Transactional Data Responsive to Plaintiffs' RFP 24 to Tesla | N/A | December 16, 2024 |
| Substantial Completion of Production of Documents Responsive to All Other RFPs in Plaintiffs' and Tesla's First Set of Requests for Production[2] | October 1, 2024<br><br>October 29, 2024 (if needed) | January 15, 2025 |
| <u>Class Certification Expert Reports</u><br>- Opening Report (Plaintiffs)<br>- Opposing Report (Tesla)<br>- Rebuttal Reports | December 20, 2024<br>January 27, 2025<br>February 24, 2025 | March 21, 2025<br>April 28, 2025<br>May 26, 2025 |
| <u>Motion for Class Certification</u><br>- Motion (Plaintiffs)<br>- Opposition (Tesla)<br>- Reply (Plaintiffs)<br>- Hearing | March 10, 2025<br>April 10, 2025<br>May 1, 2025<br>June 10, 2025 | June 11, 2025<br>July 11, 2025<br>August 1, 2025<br>September 9, 2025 |
| <u>Fact Discovery Cut-Off</u> | July 25, 2025 | October 24, 2025 |
| <u>ADR</u> | November 24, 2025 | November 24, 2025 |
| <u>Merits Expert Reports</u><br>- <u>Opening reports (Plaintiffs)</u><br>- <u>Rebuttal reports (Tesla)</u> | September 2, 2025<br>October 20, 2025 | December 5, 2025<br>January 23, 2026 |
| <u>Expert Discovery Cut-Off</u> | November 10, 2025 | February 13, 2026 |

---

[2] Plaintiffs interpreted the Court's previous order as applying only to their first set of RFPs to Tesla because Tesla had not yet served any RFPs as of the date of that order. However, Plaintiffs have agreed to substantially complete production of documents responsive to Tesla's first set of RFPs by October 29, 2024.

| Dispositive Motions<br>- <u>Motions</u><br>- <u>Oppositions</u><br>- <u>Replies</u><br>- <u>Hearing</u> | November 24, 2025<br>December 19, 2025<br>January 16, 2026<br>February 17, 2026 | February 23, 2026<br>March 20, 2026<br>April 16, 2026<br>May 19, 2026 |
|---|---|---|
| <u>Final Pretrial Conference</u><br>- <u>Joint Pretrial statement</u> | May 21, 2026<br>April 27, 2026 | August 20, 2026<br>July 24, 2026 |
| <u>Trial Date</u> | June 15, 2026 | September 14, 2026 |

**Appendix B: Schedules in Other Antitrust Class Actions***

| Case | Substantial Completion to Class Certification Expert Report |
|---|---|
| *Lambrix v. Tesla* <br> Case No. 3:23-cv-1145-TLT (N.D. Cal.) | 53 days |
| *In re: Deere & Co. Repair Services Antitrust Litig.*, <br> Case No. 3:22-cv-50188 (N.D. Ill.) (ECF No. 175) | 480 days |
| *Carbone, et al. v. Brown Univ., et al.*, <br> Case No. 1:22-cv-125 (N.D. Ill.) (ECF No. 195) | 396 days |
| *Uriel Pharm. Health & Welfare Plan, et al. v. Advocate Aurora Health, Inc., et al.*, <br> Case No. 22-cv-610 (E.D. Wisc.) (ECF No. 41) | 488 days |
| *In re: Geisinger Health and Evangelical Community Hospital Healthcare Workers Antitrust Litig.,*, <br> Case No. 4:L21-cv-196 (M.D. Pa.) (ECF No. 80) | 450 days |
| *Klein v. Meta Platforms, Inc.*, <br> Case No. 3:20-cv-8570-JD (N.D. Cal.) (ECF No. 379) | 200 days |
| *In re: California Gasoline Spot Market Antitrust Litig.*, <br> Case No. 3:20-cv-2121-JSC (N.D. Cal.) (ECF No. 361) | 270 days |
| *House v. Nat'l Collegiate Athletic Assoc.*, <br> Case No. 4:20-cv-3919-CW (N.D. Cal.) (ECF No. 127) | 175 days |
| *Simon and Simon, P.C. et al. v. Align Technology, Inc.*, <br> Case No. 3:20-cv-3754-VC (N.D. Cal.) (ECF No. 106) | 353 days |
| *In re: Lipitor Antitrust Litig.*, <br> Case No. 3:12-cv-2389 (D.N.J.) (ECF No. 899) | 330 days |
| *In re Broiler Chicken Grower Antitrust Litig.*, <br> Case No. 6:17-cv-00033 (E.D. Ok.) (ECF No. 312) | 414 days |
| *In re: Generic Pharmaceuticals Pricing Antitrust Litig.*, <br> Case No. 2:16-md-2724-CMR (E.D. Pa.) (ECF No. 1135) | 265 days |
| *In re: Domestic Airline Travel Antitrust Litig.*, <br> Case No. 1:15-mc-1404 (D.D.C.) (ECF No. 152) | 274 days |
| *In re: Nat'l Football League's "Sunday Ticket" Antitrust Litig.*, <br> Case No. 2:15-ml-2668-PSG-SK (N.D. Cal.) (ECF Nos. 294, 363) | 409 days |
| *In re Bearings (Automotive Parts Antitrust Litig.)*, <br> Case No. 2:12-cv-501 (E.D. Mich.) (ECF Nos. 159, 226) | 446 days |

*The case schedules referenced in Appendix B have been attached to the Ruan Decl. at ¶¶ 9-23.

## E-FILING ATTESTATION

I, Matthew W Ruan, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Matthew W. Ruan*