David Gringer (*pro hac vice*)
**WILMER HALE CUTLER PICKERING & DORR LLP**
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8864

*Counsel for Defendant Tesla, Inc.*

Matthew W. Ruan (SBN 264409)
**FREED KANNER LONDON & MILLEN LLC**
100 Tri-State International, Suite 128
Lincolnshire, IL 60069
Telephone: (224) 632-4500
mruan@fklmlaw.com

*Counsel for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| VIRGINIA M. LAMBRIX, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TESLA, INC.,<br><br>Defendant. | Case No. 3:23-cv-1145-TLT (Lead Case)<br>Case No. 3:23-cv-1496-TLT<br>Case No. 3:23-cv-1543-TLT<br>Case No. 3:23-cv-2035-TLT<br>Case No. 3:23-cv-2352-TLT<br><br>**STIPULATION AND [PROPOSED] ORDER RE: PRODUCTION OF TRANSACTIONAL DATA**<br><br>Magistrate Judge:   Honorable Peter H. Kang |

Plaintiffs in the above-captioned cases (collectively, "Plaintiffs") and Defendant Tesla, Inc. ("Tesla," together with Plaintiffs, the "Parties"), by and through their undersigned counsel, hereby stipulate as follows:

WHEREAS, on November 8, 2024, Plaintiffs filed a motion to shorten time to file a joint letter brief regarding a discovery dispute involving Defendant's production of transactional data in response to Plaintiffs' First Set of Requests for Production;

WHEREAS, on November 11, 2024, the Honorable Peter H. Kang, United State Magistrate Judge, issued an in-chambers text-only order (Dkt. 201) ordering, among other things, an in-person meet and confer of lead trial counsel to discuss Defendant's production of transactional data responsive to Plaintiffs' First Set of Requests for Production to take place by Thursday, November 14, 2024;

WHEREAS, on November 14, 2024, lead trial counsel for Plaintiffs and Defendant met and conferred in person for approximately five hours and resolved the Parties' underlying discovery dispute;

WHEREAS, on November 16, 2024, in accordance with the contemplated resolution agreed upon by the Parties, Plaintiffs provided Defendant with a list of categories/fields of transactional data related to class certification.

NOW, THEREFORE, the Parties, through their undersigned attorneys and subject to the Court's approval, stipulate and agree to the following:

1. On or before November 22, 2024, Defendant will provide Plaintiffs with a list of fields of transactional data corresponding to the Plaintiffs' list and any additional fields identified by Defendants' experts. If Defendant's expert(s) later identify additional fields of transactional data upon which they intend to rely in their class certification expert report(s), Defendant will disclose and timely produce such fields to Plaintiffs.

2. Defendant will exercise best efforts to produce the agreed-upon transactional data from two of Defendant's databases by November 27, 2024, which will include the fields/categories of data identified by Defendants in response to Plaintiffs' November 16, 2024 list.

3. On or before December 6, 2024, Defendant will complete its agreed-upon production of transactional data from Defendant's databases, which will include the fields/categories of data identified by Defendants in response to Plaintiffs' November 16, 2024 list.

4. On or before January 6, 2024, Plaintiffs will provide Tesla with a reasonable list of questions and/or additional transactional data fields Plaintiffs believe they need for their class certification analysis.

5. On or before January 31, 2025, Tesla will provide a response to Plaintiffs' list of questions and additional transactional data fields or reproductions of data and the Parties will meet and confer regarding the transactional data produced by Defendant, the questions and additional transactional data requests raised by Plaintiffs, and Defendant's response to same and bring any remaining discovery disputes to the Magistrate Judge for resolution.

6. Plaintiffs agree to the following security measures regarding the transactional data:

    a. Transactional data will only be accessible by three Plaintiffs' attorneys. Tesla will consider in good faith any proposal to increase the number of attorneys with access so long as a reason for the increased access is provided.

    b. Plaintiffs' counsel and experts shall keep logs detailing the names of individuals with access to the transactional data and the beginning and end dates of such access. The logs will not be produced to Tesla unless ordered by the Court or upon agreement by the Parties.

    c. Plaintiffs' expert firm will implement a password requirement policy to ensure security of the transactional data.

    d. Plaintiffs' expert firm will implement the security measures listed in its October 24, 2024 letter.

    e. The protections of the Confidentiality Order apply to the transactional data.

    f. Tesla reserves the right to discuss and negotiate additional transactional data security measures as discovery continues.

7. Nothing in this Stipulation shall constitute a waiver of any other rights that any Party has in this Action.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _____

HONORABLE PETER H. KANG
UNITED STATES MAGISTRATE JUDGE

Dated: November 20, 2024    By:    */s/ David Gringer*
David Gringer (*pro hac vice*)
**WILMER HALE CUTLER PICKERING & DORR LLP**
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8864

*Counsel for Defendant Tesla, Inc.*

Dated: November 20, 2024    By:    */s/ Matthew W. Ruan*
Matthew W. Ruan (SBN 264409)
**FREED KANNER LONDON & MILLEN LLC**
100 Tri-State International, Suite 128
Lincolnshire, IL 60069

*Interim Lead Counsel for the Proposed Class*

**ATTESTATION**

I, Matthew W. Ruan, hereby attest, pursuant to United States District Court, Northern District of California Civil Local Rule 5-1(i)(3), that each of the other Signatories have concurred in the filing of this document.

By:   */s/ Matthew W. Ruan*

Matthew W. Ruan