SAVERI & SAVERI, INC.
R. Alexander Saveri (SBNY 173102)
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
rick@saveri.com

FREED KANNER LONDON & MILLEN LLC
Matthew W. Ruan (SBN 264409)
Douglas A. Millen (appearing pro hac vice)
Michael E. Moskovitz (appearing pro hac vice)
100 Tri-State International, Suite 128
Lincolnshire, IL 60069
Telephone: (224) 632-4500
mruan@fklmlaw.com
dmillen@fklmlaw.com
mmoskovitz@fklmlaw.com

*Attorneys for Plaintiffs and the Proposed Class*

WILMER CUTLER PICKERING HALE
AND DORR LLP
Ari Holtzblatt (SBN 354631)
2100 Pennsylvania Ave. NW
Washington, DC 20037
Tel: (202) 663-6964
ari.holtzblatt@wilmerhale.com

David Gringer (*pro hac vice*)
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel: (212) 230-8864
david.gringer@wilmerhale.com

David Marcus (SBN 158704)
350 S. Grand Ave., Suite 2400
Los Angeles, CA 90071
Tel: (213) 443-5312
david.marcus@wilmerhale.com

*Attorneys for Defendant Tesla, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIRGINIA M. LAMBRIX, *et al.*,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>TESLA, INC.,<br><br>　　　　　　　Defendant. | Case No. 3:23-cv-01145-TLT-PHK<br>Case No. 3:23-cv-1496-TLT<br>Case No. 3:23-cv-1543-TLT<br>Case No. 3:23-cv-2035-TLT<br>Case No. 3:23-cv-2352-TLT<br><br>**STIPULATED PROTOCOL AND [PROPOSED] ORDER REGARDING DEPOSITIONS** |

**STIPULATION CONCERNING DEPOSITIONS**

This Stipulation Concerning Depositions ("Deposition Protocol Order") may be modified at any time by agreement of the Parties or by order of the Court. All Parties reserve all rights to seek relief from the Court from any provision for good cause. Nothing herein should be deemed to amend the deposition-related or other provisions set forth in the Revised Case Management and Scheduling Order adopted by the Court. *See* Dkt. 167.

**I.     DEPOSITION PROCEDURES**

A.     A witness may be deposed only once in these proceedings unless the Parties otherwise agree or the Court otherwise orders. This limitation will not affect the rights of a party to seek to depose as a fact witness an individual who has been previously deposed as a corporate representative of a party designated under Rule 30(b)(6), or of other parties to object to such depositions. Nor will this procedure affect the rights of a party to seek a corporate representative deposition under Rule 30(b)(6) when the corporate representative has been previously deposed as a fact witness, or of other parties to object to such depositions. However, the Parties shall make every effort to avoid multiple depositions of a deponent that will testify both under Rule 30(b)(1) and Rule 30(b)(6). Should the Defendant identify a Rule 30(b)(1) deponent to testify regarding one or more Rule 30(b)(6) topics, the Parties shall discuss in advance whether both depositions can be completed in a single day and, if not, shall schedule and conduct the depositions on consecutive days if possible. Plaintiffs shall disclose to Defendant all topics for any Rule 30(b)(6) deposition of Defendant by May 1, 2025 to facilitate such discussions and coordination.

B.     Where a deponent is represented by counsel who does not already represent a party to the above-referenced litigation (e.g., a third party or an employee of the Defendant with separate counsel), then the noticing party shall provide a copy of this deposition protocol to the deponent's counsel along with the deposition subpoena or notice.

**II.     ALLOCATION OF DEPOSITION TIME**

A.     Depositions of all 30(b)(1) witnesses noticed by any party will be limited to 7 hours on the record of direct examination consistent with FRCP 30(d)(1), unless the Parties (and where applicable, any nonparty deponent) otherwise agree or the Court otherwise orders. The 7-hour limit on 30(b)(1) testimony shall not limit the time or ability of Parties to depose a 30(b)(1) witness who is also designated as a corporate representative witness under Rule 30(b)(6). If any technical issues are encountered during depositions, then the Parties will go off the record and such time will not count against the time limit on depositions. Noticing counsel will have a reasonable amount of time to conduct any redirect examination of the witness, which shall not count towards the 7-hour limit for the noticing party's direct examination. Counsel for a witness or for the party that is the witness's current or past employer will have a reasonable amount of time not to exceed 2 hours, which will not count against noticing counsel's 7 hours, to examine the witness at the conclusion of direct examination without need for a cross-notice. In the event a cross-notice is served, the time allocations set forth in Paragraph II(B) shall apply. Where a former employee resides outside the District and would not be subject to a trial subpoena, good cause exists for a party to cross-notice such former employee's deposition.

B.     As set forth by the Parties in their Joint Discovery Plan (Dkt. 179), for non-party depositions noticed by only one party, absent leave of Court, the noticing party shall receive up to 6 hours of on-the-record questioning time, and the other party shall receive up to 2 hours questioning time. However, any unused portion of allotted questioning time may be used by the other party. For non-party depositions that are cross-noticed, absent leave of Court, Plaintiffs and Defendant will each be allotted 4 hours of on-the-record questioning time. However, any unused portion of allotted questioning time may be used by the other party. These non-party depositions will take place in a single day unless otherwise agreed.

### III. SCHEDULING AND LOCATION OF DEPOSITIONS

A. Counsel will consult with one another to coordinate, to the extent practicable, all scheduling, noticing, and taking of depositions. Counsel shall not unilaterally take steps to schedule and notice a party deposition without consulting in advance with counsel for the witness or the party that is the current or former employer of the witness.

B. The Parties shall meet and confer regarding dates for depositions before issuing a deposition notice. If, after meeting and conferring, the Parties cannot agree upon a date for the deposition, then the noticing party may issue a deposition notice at least thirty (30) calendar days in advance. If the noticed date and place is unacceptable to the deponent or the deponent's counsel, then within ten (10) calendar days the deponent's counsel must counter-propose in writing an alternative date and place falling within thirty (30) calendar days of the date noticed by the party seeking the deposition.

C. A party may serve a deposition subpoena on a nonparty without consulting any opposing party; however, the serving party will contemporaneously provide the opposing parties with the as-served copy of the subpoena. An opposing party will inform the noticing party within ten (10) business days of service on the opposing party whether the opposing party intends to cross-notice the nonparty's deposition. Regardless of whether an opposing party cross-notices the deposition, the Parties shall coordinate with each other and with the witness (or counsel for the witness), where possible, on scheduling the deposition. The noticing party shall serve a copy of this deposition protocol along with the subpoena to any nonparty.

D. Subject to Sections III(A) to III(C), party depositions shall be noticed pursuant to the Federal Rules of Civil Procedure and all notices shall be served on all Parties electronically; and any subpoenas for deposition testimony shall be served on witnesses as required by law, but copies must be served electronically on all Parties.

E. Once a deposition has been scheduled, it shall not be taken off calendar, postponed, or rescheduled, except by agreement of the noticing party or by other relief obtained from the Court.

However, the Parties and non-parties shall make all reasonable efforts to accommodate reasonable requests for continuances of depositions.

IV. **DEPOSITION PROCEDURES**

A. **Remote Depositions:** The Parties agree to accommodate all reasonable requests to proceed via remote deposition. If a deposition proceeds remotely, all exhibits will be transmitted, uploaded, or displayed electronically as they are introduced in the course of the deposition. If a witness requests hard copies of documents introduced as exhibits, deposing counsel will use best efforts to provide sealed envelopes containing each exhibit that can be opened by the witness on camera, to the extent practicable. However, deposing counsel reserves the right to introduce a reasonable number of exhibits for which paper copies were not sent in advance.

B. **Remote Administration of the Oath:** The Parties agree that a court reporter may administer the oath to a deponent remotely, even if the court reporter is not in the physical presence of the witness. Further, if a court reporter is not authorized to take oaths in the place of examination pursuant to Federal Rule of Civil Procedure 28, the Parties agree that the administration of such oaths remotely and that the transcripts may be used by or against all Parties in this litigation to the same extent that would otherwise be permissible under the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

C. **Real Time Text and Video Feeds.** Counsel noticing the deposition (or counsel for the witness if they are hosting the deposition) shall make arrangements so that the appropriate hardware is available for the participants. In most instances, this will mean a computer with a camera and microphone capable of utilizing the videoconference platform (such as Zoom), a conference call line, and any software needed for the use of electronic exhibits. However, for depositions proceeding remotely, counsel for the witness will ensure that the witness has access to a computer with a camera and microphone capable of utilizing the videoconference platform. If the witness already has the necessary technology, they shall utilize those resources. The court reporting service

will make available a real-time text feed to participants upon request. Any party requesting the additional real time text feed or equivalent electronic reporting shall be responsible for the cost.

**D.    Hard Copy Exhibits**:  With respect to any hard copy exhibit used in a deposition (i.e., an exhibit that has not been marked and used in a prior deposition in a related case), "sufficient copies" shall mean three (3) hard copies unless deposing counsel knows in advance of the deposition that fewer copies will be needed for those attending.  In all events, examining counsel, defending counsel, and all other counsel attending the deposition shall cooperate in good faith so that counsel for each party attending the deposition will have adequate access during the deposition to an exhibit used by examining counsel during the deposition, such as stating the Bates number for each exhibit on the record so counsel may view such documents electronically in their document review software. For the avoidance of doubt, the three (3) copies of hard copy exhibits required to be provided by this paragraph is limited to in-person depositions; remote depositions are governed by Paragraph IV(A) above.

**E.    Videoconferencing:** For any remote deposition, video from the videoconferencing service may be recorded for later use in proceedings in this case, including trial.  For remote depositions, the videoconferencing platform must allow for the deponent, attending counsel, deposing counsel, defending counsel, court reporter, and videographer to participate in a deposition without attending the deposition in person. For in-person depositions (i.e., where deposing counsel, the court reporter, and the videographer appear in the room with the witness), the videoconferencing platform must allow counsel who choose to do so to participate without attending the deposition in person.  Should technical issues prevent the court reporter from reliably hearing or transcribing the testimony at any deposition taken remotely pursuant to this order and such technical issue cannot be remedied in a timely manner, deposing counsel, defending counsel, and attending counsel shall meet, confer, and cooperate with one another to address the problem, including but not limited to rescheduling the deposition.  To the extent practicable, the video conferencing for remote depositions shall be set up in such a way that counsel attending the deposition remotely can see all

persons present in the room with the witness and see the witness's face clearly and that all such persons shall be on video and audio throughout the deposition (except for breaks). Details regarding the video conferencing service will be made available to all Parties at least three (3) business days before the deposition. The noticing party and defending counsel shall meet, confer, and cooperate to ensure that the deponent has technology sufficient to attend a deposition via remote means. If necessary, this shall include arranging for the deponent to participate in a "test run" of the deposition video conferencing software being utilized at the expense of the noticing party.

**F.** In addition to recording deposition testimony by stenographic means, the noticing party may arrange for the deposition to be recorded via video by a videographer. The examining attorney, at their election, may make a video recording of their own examination of the witness in addition to the witness. A certified video recording of the witness alone made by a certified videographer will be created in addition to any separate video of the examining attorney. The noticing party is responsible for ensuring that the remote means utilized for a deposition allow for the court reporter to accurately record the deponent's testimony. Either the noticing party or defending counsel may elect to have a technical specialist attend a deposition taken by remote means to ensure that technical issues are dealt with in a timely manner, the costs of which will be borne solely by the party electing to do so.

**V. CONDUCT OF DEPOSITIONS**

**A.** The Parties agree that under Fed. R. Civ. P. 30(c)(2), objections are to be stated "concisely" and in a "non-argumentative and non-suggestive manner." The court-reporter service shall maintain a total running time for actual deposition to measure compliance with the time limitations and the time allocation provisions above.

**VI. DEPARTING DOCUMENT CUSTODIANS AND FORMER EMPLOYEES**

**A.** In response to a request for deposition, if the witness is a former employee of any party and is not currently represented by counsel for that party in relation to such deposition, counsel for that party shall within seven (7) business days of the deposition notice make best efforts to

determine whether counsel can accept service of the notice and whether counsel will be representing that party for the deposition. Counsel for that party shall notify the noticing party of the status of those efforts promptly.

B. In response to a request for deposition, if the witness is a departing document custodian who intends to leave his or her employment before the noticed deposition date, counsel for the party shall promptly request that the deponent appear for deposition at a date, place, and time convenient for the Parties and the deponent, consistent with the local rules and this Deposition Protocol, without the need for service of a non-party subpoena or other formal judicial process on the deponent, and inform the noticing party of the deponent's response to such request. If a departing deponent agrees to appear without the need for service of a subpoena or other formal judicial process on the deponent, the procedures for scheduling the deposition of a current employee of a party shall apply and the deposition will be counted as a party deposition.

### VII. STANDARD STIPULATION

The following stipulation will apply to all depositions taken in this action (and any subsequent cases filed that are deemed by the Court to be consolidated with or related to this matter) and shall be included in each transcript by the court reporter:

A. Transcripts of depositions will be delivered from court reporters to counsel for the witness. Counsel shall promptly forward it to the witness for review, correction, and signature under penalty of perjury. Within 30 calendar days of receiving the transcript from the court reporter, the witness's counsel shall then forward the original transcript plus corrections to the court reporter, who will promptly notify all counsel of its receipt and any errata.

B. If the witness is not represented by counsel, the original transcript will be sent to the witness by the court reporter. After review, correction, and signature under penalty of perjury within 30 calendar days from the date of receipt, the witness shall return the original transcript to the court reporter, who will notify all counsel of its receipt and any errata submitted by the witness.

C. Any witness who submits errata must do so in accordance with Federal Rule of Civil Procedure 30(e)(2).

D. The court reporter will provide the original transcript to the noticing attorney. If, for any reason, the original is lost, misplaced, not returned, not signed, or unavailable, a certified copy may be used in its place for all purposes.

### VIII. USE OF DEPOSITIONS

A. The Parties agree that the transcript and/or recording of any deposition taken by any party pursuant to this Deposition Protocol by remote means shall be admissible in any proceeding in this matter (or any related or consolidated matter) to the same extent and as if the deposition were taken in-person.

IT IS SO STIPULATED, through Counsel of Record.

Dated: 1/28/25

/s/ David Gringer
David Gringer (*pro hac vice*)
**WILMER CUTLER PICKERING HALE AND DORR LLP**
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel: (212) 230-8864
david.gringer@wilmerhale.com

Ari Holtzblatt (SBN 354631)
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2100 Pennsylvania Ave. NW
Washington, DC 20037
Tel: (202) 663-6964
ari.holtzblatt@wilmerhale.com

David Marcus (SBN 158704)
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 S. Grand Ave., Suite 2400
Los Angeles, CA 90071

Tel: (213) 443-5312
david.marcus@wilmerhale.com

Allison Bingxue Que (SBN 324044)
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Tel: (650) 858-6000
allison.que@wilmerhale.com

Christopher C. Wheeler (SBN 224872)
**FARELLA BRAUN + MARTEL LLP**
One Bush Street, Suite 900
San Francisco, California 94104
Telephone: (415) 954-4979
cwheeler@fbm.com

*Attorneys for Defendant Tesla, Inc.*

Dated: 1/28/25

*/s/ Matthew W. Ruan*
Matthew W. Ruan (SBN 264409)
**FREED KANNER LONDON & MILLEN LLC**
100 Tri-State International, Suite 128
Lincolnshire, IL 60069
Telephone: (224) 632-4500
mruan@fklmlaw.com

*Counsel for Plaintiffs and Interim Lead Counsel for the Proposed Class*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____   _____
                                    HON. PETER H. KANG
                                    United States Magistrate Judge

10
STIPULATED PROTOCOL AND [PROPOSED] ORDER REGARDING DEPOSITIONS
CASE NO. 23-CV-01145-TLT (Lead Case)